UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORIGINAL

CLOSED

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

Case No. 02-60164

Hon. Marianne O. Battani

ARAMARK SERVICES, INC.

**EXHIBIT A**

    Defendant.

_____/

ADELE RAPPORT (P44833)
STANLEY H. PITTS (P33519)
OMAR WEAVER (P58861)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Attorneys for Plaintiff
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-3407

U.S. DISTRICT COURT
ANN ARBOR
2002 AUG 12 P 2:47
FILED

## ORDER OF DISMISSAL

The Court hereby adopts the Consent Decree attached, as Exhibit A to this Order, as an order of this Court. Accordingly, this matter is hereby dismissed subject to the provisions of the attached Decree.

**IT IS SO ORDERED:**

DATE: 8/12/02

                                          MARIANNE O. BATTANI

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

ARAMARK SERVICES, INC.

    Defendant.
_____/

Case No. 02-60164

Hon. Marianne O. Battani

**EXHIBIT A**

ADELE RAPPORT (P44833)
STANLEY H. PITTS (P33519)
OMAR WEAVER (P58861)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Attorneys for Plaintiff
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-3407

## CONSENT DECREE

This matter is before the Court for entry of this judgement by consent of the parties in order to effectuate a compromise and settlement of this action. After careful review and consideration, the Court believes that entry of this judgement is in the interest of justice.

1. Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission"), commenced the above entitled action in the United States District Court for the Eastern District of Michigan, Southern Division, on August 5, 2002, alleging that the Defendant, Aramark Services, Inc. ("Aramark"), violated Title VII of the Civil Rights Act of 1964 when it retaliated against the Charging Party, Cecil Martin, by forcing him to take medical leave because he filed a Charge of Discrimination ("Charge") with the

Commission. (See, Complaint Attached)

2. Defendant Aramark denies all allegations in the Commission's Complaint, including any allegation that it retaliated against Cecil Martin for engaging in protected activity.

3. As a result of settlement discussions, the Commission and Aramark have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree. It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged against Aramark or which might have been alleged against Aramark in the Complaint filed on behalf of Charging Party Cecil Martin.

## STIPULATED FACTS

4. The Commission is the agency of the United States government authorized by Title VII to investigate allegations of unlawful employment discrimination based on an employee's engagement in protected activity, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals affected by such practices.

5. Pursuant to Title VII, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division) over the subject matter and over the parties to this case for the purpose of entering this Consent Decree and, if necessary, enforcing this Decree.

6. Venue is appropriate in the Eastern District of Michigan (Southern Division). For purposes of this Decree and any proceedings related to this Decree only, Aramark agrees that all statutory conditions precedent to the institution of this lawsuit and the Complaint against Aramark have been fulfilled.

## FINDINGS

7. Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

   A. The Court has jurisdiction over the subject matter of the action and the parties to this action.

   B. The terms and provisions of this Consent Decree are fair, reasonable, and just. The rights of Aramark, the Commission, and those for whom the Commission seeks relief are protected adequately by this Decree.

   C. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII of the Civil Rights Act of 1964, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the parties and those for whom the Commission seeks relief.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## NON-ADMISSION

8. This Decree, being entered with the consent of the Commission and Aramark, shall not constitute a finding on the merits of the case and shall not be construed as an admission by Aramark that it violated Title VII by forcing Martin to take medical leave because he filed a Charge with the Commission. Similarly, the entry of this Decree shall not be construed as an admission by the Commission that any claim asserted by it in this action was not valid or that any defense asserted by Aramark was valid.

## NON-DISCRIMINATION

9. Aramark, its officers, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them shall comply with the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, which prohibits discriminatory and retaliatory conduct based on an employee's engagement in protected activity, which includes filing a Charge with the Commission, giving testimony or assistance or participating in any manner in any investigation or proceeding of the Commission, or otherwise opposing any employment practice made unlawful under Title VII.

## COVERED LOCATIONS

10. The provisions of this Consent Decree shall apply to all sites and locations in Aramark's Responsibility District 1C1A in the State of Michigan where it conducts business and renders its services.

## MONETARY COMPENSATION

11. Aramark shall pay monetary damages to Cecil Martin in the amount of $9,000.00 less any applicable state and federal income tax withholdings. This monetary compensation shall be paid in one check made payable to Cecil Martin, 1001 Merton, Apt. #9, Detroit, MI 48203. Aramark shall mail full payment to Cecil Martin by certified mail within ten (10) business days after this Consent Decree has been entered by the Court. Within twenty (20) days of this payment, Aramark shall send a photocopy of the check sent to Cecil Martin, along with a photocopy of the certified mail receipt, to the Commission's attorney of record.

## JOB REFERENCE

12. Aramark agrees that it shall provide any prospective employer of Cecil Martin with the attached job reference upon inquiry by any prospective employer. (See, Exhibit B). Aramark shall not disclose to any prospective employer the fact that Mr. Martin has filed charges of discrimination against Aramark or that he otherwise alleged that he was discriminated against by Aramark.

## TRAINING

13. Within 90 days from the entry of this Consent Decree, Aramark shall provide mandatory training on Title VII to all management and supervisory personnel, within Responsibility District 1C1A in the State of Michigan, who participate in personnel decisions. The training shall consist of oral, written and/or video presentations. The training shall focus on the requirements and prohibitions of Title VII, including, the prohibition against discrimination and retaliation based on an employee's engagement in protected activity. Further, Aramark shall provide mandatory Title VII training to new managers and supervisors within 60 days of hire/promotion.

## REPORTS

14. Aramark shall verify to the Commission, through submission of written reports thirty (30) days after each training session, that its training obligation under this Consent Decree has been fulfilled. The reports shall indicate the specific manner in which the training which was facilitated. The reports shall also include a list of attendees at each training session, their job titles, the date(s) of the training, the subjects covered, and the name(s) of the company affiliation of the trainers. The reporting requirement shall last for one (1) year from the date of entry of this Decree.

## POSTING OF NOTICE

5

15. Aramark agrees that it shall post a copy of the Notice attached as Exhibit C in a conspicuous location at its designated facility located within Visteon Manufacturing Facility in Sterling Heights, Michigan, where notices are posted for Aramark employees. The Notice shall be posted for one (1) year from the date this Decree is entered by the Court. Should the posted Notice become defaced, marred or otherwise made unreadable, Aramark agrees to post a readable copy of the Notice as soon as possible thereafter.

## DURATION

16. The provisions of this Consent Decree shall remain in full force and effect for one (1) year and shall expire at the anniversary of the entry of this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

17. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving for such review. All parties may conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with fifteen (15) business days notice for depositions, entry to premises and access to documents and, with fifteen (15) business days for responses to written discovery.

## MISCELLANEOUS

18. Except as expressly provided herein, all parties shall bear their own costs and expenses of litigation, including attorney fees.

19. This Consent Decree constitutes the entry of final judgment, within the meaning of Rule 54 of the Federal Rules of Civil Procedure, on all claims asserted in or which might have been asserted in this action. This court retains jurisdiction over this matter, however, for the purpose of entering appropriate orders interpreting and enforcing this judgment.

20. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

21. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Aramark and upon the heirs, successors and assigns of Cecil Martin.

22. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by Aramark and the Commission.

23. When this Consent Decree requires or permits the submission by Aramark of any documents or reports to the Commission, if not otherwise indicated in the Decree, they shall be mailed by certified mail to Adele Rapport, Regional Attorney, EEOC, Detroit District Office, 477 Michigan Avenue, Room 865, Patrick V. McNamara Building, Detroit, Michigan 48226.

24. Both parties request that this Court approve this Consent Decree and, pursuant to Fed. R. Civ. P. 41(a)(2), dismiss this case without prejudice to reinstatement only in the event Aramark does not comply with the terms of the Consent Decree and enforcement proceedings by the Commission become necessary for compliance with the Decree.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ARAMARK SERVICES, INC. |

NICHOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ADELE RAPPORT (P44833)
Regional Attorney

STANLEY H. PITTS (P33519)
Supervisory Trial Attorney

OMAR WEAVER (P58861)
Trial Attorney

Detroit District Office
477 Michigan Ave., Room 865
Detroit, MI 48302

Dated: 8/5/02

BY: _____
Elizabeth Campbell
Vice President, Employment Practices
and Services, FSS
Aramark Services, Inc.
1101 Market Street, 29th Floor
Philadelphia, PA 19107-2988

8

## **EXHIBIT B**

Mr. Martin was employed with Aramark from December 3, 1997 to February 26, 2001. He worked full time as a cafeteria line server at a wage rate of $10.50 per hour. It is the company's policy to provide basic employment information, as indicated with respect to Mr. Martin, in response to requests for job references for all former employees of Aramark.

## ATTACHMENT C

## NOTICE

This Notice is being posted to inform you of your rights guaranteed by federal law under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII"), which prohibits discrimination and retaliation against any individual because they have engaged in protected activity. This Notice is posted in connection with a Consent Decree entered by the United States District Court for the Eastern District of Michigan, as a resolution to a lawsuit filed by the U.S. Equal Employment Opportunity Commission, on behalf of a former employee who alleged that he was treated differently and unfairly because he engaged in protected activity, in this case, filing a charge of discrimination with the Commission which alleged discrimination based on race and gender. Aramark denies these allegations. Title VII prohibits retaliation against employees who engage in protected activity, which includes filing charges of discrimination with the Commission or state administrative agencies, participating in the Commission's investigation process, or otherwise opposing unlawful discrimination. Aramark guarantees that it will not retaliate against employees who engage in protected activity.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination and anti-retaliation provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

Aramark supports and will comply with this federal law in all respects. Aramark will not take any action against any employees because they have exercised their rights under Title VII by

complaining about acts of discrimination to Aramark or to the U.S. Equal Employment Opportunity Commission.

_____                    _____
Date                                            James S. Taigman, Human Resources Director